## ADOLPH PRINCE CO. v. KOENIG.

(Supreme Court, Appellate Term, First Department.   April 14, 1914.)

SALES (§ 397*)—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE.

In an action for liquors claimed to have been sold and delivered to defendant by plaintiff, evidence *held* not to show that the sale was made by or for plaintiff, but to show that it was made by a third person.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1136;  Dec. Dig. § 397.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Adolph Prince Company, a domestic corporation, against George Koenig.  From a judgment of the Municipal Court for defendant, plaintiff appeals.  Affirmed.

Argued January term, 1914, before LEHMAN, BIJUR, and PAGE, JJ.

Alfred M. Simon, of New York City, for appellant.

BIJUR, J.  Plaintiff sues defendant for bottled liquors sold and delivered.  It proved a delivery but no sale.  As matter of fact, the sale was made to the defendant by one Lopacki.  On plaintiff's case, the only proof which connected the plaintiff with the sale was the testimony of one of plaintiff's employés:

"The salesman, Lopacki, brought the order in to us, and we shipped the goods."

Unless the words "the salesman" be construed to mean a salesman at that time in the employ of the plaintiff, there is nothing to connect plaintiff with the sale, and I do not think that it should be so construed. The complaint, therefore, should have been dismissed at the close of the plaintiff's case.

Defendant, on his own case, showed that he had dealt with Lopacki as principal for four years, and had continually bought from him goods marked with plaintiff's labels.  He had ordered the particular goods in suit from Lopacki, and had paid him for them before he ever received any intimation that plaintiff made any claim either to the goods or to their proceeds.  If, therefore, we might assume that Lopacki was in plaintiff's employ during the four years, and this course of dealing was permitted by plaintiff, then Lopacki was held out as having authority to collect, and defendant's payment was a discharge of the debt to the principal.  But no such assumption is justified.  Defendant bought these goods from Lopacki as principal as he had been doing for four years, and the mere fact that the goods bore plaintiff's label or happened to be delivered by one of plaintiff's wagons does not change either the character of the transaction or the relations of the parties.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The case of McGoldrick v. Willits, 52 N. Y. 612, has no application; the decision there having turned on the presence of a number of suspicious circumstances upon which the court held that the defendant was bound at least to suspect, if not actually to assume, that the transaction was conducted on behalf of the plaintiff.

The judgment should be affirmed.

PAGE, J., concurs.

LEHMAN, J. (dissenting). The plaintiff sues for the agreed price of liquors alleged to have been sold and delivered to the defendant. The defendant admits that the liquors were delivered to him, and admits the agreed value, but claims that he bought the liquors from a man named Lopacki, and paid Lopacki for them before he learned that the plaintiff claimed that Lopacki was their agent.

The plaintiffs showed at the trial that they delivered the liquors to the defendant, pursuant to an order received from a salesman named Lopacki, and that the defendant's wife signed a receipt for them. This receipt was made out on a printed form, containing plaintiff's name, and not Lopacki's name. It further appears that the bottles of liquor also bore the plaintiff's name. To meet this proof, the defendant produced evidence to show that he had dealings with Lopacki for four years, and had always paid him, and that he paid Lopacki for the liquors, which are the subject of the present suit, before he received notice that the plaintiff claimed to be entitled to payment for the goods. He introduced in evidence Lopacki's receipted bill, which describes him as "import and export broker." Upon this testimony the trial justice gave judgment for the defendant on the merits.

It does not appear clearly in the record what Lopacki's relations in the sale actually were. There is certainly no proof, however, that Lopacki was anything more than a salesman or broker. The judgment on the merits cannot be sustained on any theory that the goods were sold to Lopacki by the plaintiff, and that therefore the defendant is liable only to Lopacki. There is also no evidence that the plaintiff ever held out Lopacki as being the owner of the goods or intrusted him with the indicia of title. On the contrary, it clearly appears that the goods were delivered by the plaintiff to the defendant, with a receipt in their own name, and Lopacki's billhead shows that he only claimed to be a broker. Of course a broker has not implied power, under such circumstances, to receive payment for his principal, and payment to the agent is a defense only if the principal has given him actual or apparent power to collect the bill.

I think that the judgment for the defendant undoubtedly rests upon a finding that the agent had such apparent power. The only evidence, however, to establish apparent power is the testimony that for four years the defendant has dealt with Lopacki and made payments directly to him. In order to make this testimony material, it must be shown that these payments were made to Lopacki when he was acting for the

plaintiff, and not for some other principal, and there is no such evidence in this case.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.